# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ACHASHVEROSH ADNAH AMMIYHUWD,<br>    Petitioner,<br><br>vs.<br><br>GUS J. LAZARES, et al.,<br>    Respondents. | Case No. 1:17-cv-833<br><br>Dlott, J.<br>Bowman, M.J.<br><br>**REPORT AND RECOMMENDATION** |

Petitioner has filed a petition for a writ of habeas corpus in this Court. (Doc. 1). This matter is before the Court on the petition, respondents' return of writ and response (Doc. 3, 4), and petitioner's reply. (Doc. 10). Also before the Court is petitioner's motion for summary judgment. (Doc. 11).

For the reasons stated below, the petition and motion for summary judgment should be denied.

## II.   PROCEDURAL HISTORY

Petitioner brings this action "in his capacity as Stateless, Eternal Essence Embodied natural man, a dual American national pursuant to 8 U.S.C. § 1101(a)(22)(A), born in the several states of the union of North America, through his next friend, Achashverosh Adnah Ammiyhuwd, a Foreign state national of Indiana republic national pursuant to 8 U.S.C. § 1101(a)(14)(21)." (Doc. 1 at PageID 6). Petitioner seeks to challenge his City of Hamilton, Ohio Municipal Court conviction and sentence for obstructing official business, resisting arrest, driving without a valid license, and failure to register. On July 21, 2016, following a trial, petitioner was sentenced to jail for 90 days (with 30 days suspended and 4 days credited) and fined.[1]   Petitioner was also sentenced to two years of community control and ordered to pay

---
[1] Prior to his trial, petitioner unsuccessfully sought to remove his case to federal court. (*See* Doc. 1, Ex. 1).

fines. (*See* Doc. 7, Ex. 16–21).

On July 26, 2016, petitioner filed a motion requesting a stay of execution of sentence pending all appeals, an emergency motion to vacate and set aside void judgment, and two judicial notices. (*See* Doc. 7, Ex. 23–26). By entries issued August 3, 2016 and August 9, 2018, the trial court denied petitioner's motions. (Doc. 7, Ex. 27, 29).

On August 5, 2016, petitioner filed a "Notice of Direct Appeal with Criminal and Civil Docket Statements and Attached Exhibits" in the Ohio Court of Appeals.[2] (Doc. 7, Ex. 28). Petitioner also filed a motion and amended motion for remand for reconsideration of the trial court's August 3, 2016 entry denying his post-conviction motion to vacate, which were denied by the appeals court. (Doc. 7, Ex. 30, 32, 40). Petitioner filed a motion entitled "Defendant-Appellants Move with Attached Amended Criminal and Civil Docket Statements and Amended Remand Motion under Correct Appeal Number 2016080151 with Memorandum in Support" on August 22, 2016. (Doc. 7, Ex. 33). The Ohio Court of Appeals struck petitioner's August 22, 2016 motion by entry issued September 13, 2016 for petitioner's failure to include a certificate of service in compliance with Ohio App. R. 13(B). (Doc. 8, Ex. 34). Petitioner subsequently filed an appellate brief, raising the following two assignments of error:

1. The trial court erred by denying Civ.R. 60(B)(5) motion for relief where Officer Eric Taylor fail to establish Article III standing of the United States Constitution and/or Common Law standing of Ohio and is not the real party in interest in state court to bring a cause of action against Ammiyhuwd in admiralty or maritime against his right to exercise his religious practices beliefs, and against his right to travel, in violation of First Amendment freedom of religion, free expression rights secured by the Federal Constitution, Fourth Amendment right to be secure in his person, papers, and effects, against unreasonable searches and seizures, in violation of Civ.R. 17(A) and in violation of Article IV, Section 4(B) of the Ohio Constitution.

2. The trial court erred by denying Civ.R. 60(B)(3) and (4) motion for relief where

---

[2] Petitioner also filed a premature appeal on July 20, 2016, the day prior to the trial court's July 21, 2016 judgment entries. (*See* Doc. 8, Ex. 31). The appeal was dismissed on August 23, 2016.

> ruling(s)/order(s)/Judgment(s) are void for fraud upon the court, hindering and discriminating against Appellant for exercising his freedom of religious expression, freedom of conscience in violation of the free exercise clause, to the Federal Constitution and Ohio Constitution while traveling constituting a substantial reason as required when using Civ.R. 60(B)(5), in violation of First Amendment freedom of religion, free expression rights secured by the Federal Constitution, Fourth Amendment right to be secure in his person, papers, and effects, against unreasonable searches and seizures, of Civ.R. 17(A) and in violation of Article 1 Section § 10 to the Ohio Constitution and Bill of Rights.

(Doc. 8, Ex. 35 at PageID 367). On May 1, 2017, the Ohio Appeals Court overruled petitioner's assignments of error and affirmed the judgment of the trial court, finding that petitioner failed to submit a transcript. (Doc. 1 at PageID 39–40; Doc. 8, Ex. 48).

On June 5, 2017, petitioner filed a notice of appeal and memorandum in support of jurisdiction in the Ohio Supreme Court. (Doc. 8, Ex. 49). In his memorandum in support of jurisdiction, petitioner raised the following two propositions of law:

> 1. Vague and Overbreadth statutes R.C. §§ 2921.31 employ suspect classification Hebrew Israelites fearing prosecutions self-censoring and "chilling" protected speech; in violation of fundamental rights to freedom of religion; nationality; right to travel and right to privacy of the First and fourth Amendments and the Ohio Constitution.
>
> 2. Lack of standing; lack of real party in interest; lack of a case or cause of action; lack of a sworn and valid complaint and lack of corpus delicti; infringing on fundamental rights to freedom of religion and expression; nationality; right to travel and privacy for lack of R.C. § 2921.33.

(*Id.* at Page ID 495). By entry issued October 11, 2017, the Ohio Supreme Court declined jurisdiction over the appeal. (Doc. 8, Ex. 53). Petitioner's motion for reconsideration was denied by the Ohio Supreme Court on December 6, 2017. (Doc. 8, Ex. 54, 55).

In the instant petition, petitioner brings the following three grounds for relief:

**GROUND ONE:**

The video of the March 9, 2016 traffic Stop Exhibit 14 proves petitioner accepted the Constitutional Fundamental right to lawfully travel in his PRIVATE; NON-COMMERCIAL; NOT-FOR-HIRE, 2001 LS Lincoln Continental automobile

3

household effect over accepting legal privileges to legally drive in a motor vehicle and to legally register his private automobile that is required to commit the acts of Driving Without Valid License and failure to register under color of law

**GROUND TWO:**

A challenge to standing, real party in interest, ratification of commencement; lack of a contract, lack of a sworn complaint from a constitutional flesh and blood man or woman, lack of Corpus Delicti, lack of subject matter jurisdiction, lack of jurisdiction over a particular matter; lack of personal (personam) jurisdiction can be challenged in any case, in any court against a state statute with intentions of unconstitutionally, civilly generating revenue under color of law as unconstitutional

**GROUND THREE:**

The trial court found petitioner guilty of an Obstructing Official Business statute that is unconstitutional[ly] overbroad, vague, employing suspect classification as applied to petitioner and other persons similarly situated subject to strict scrutiny test, jus tertii doctrine, the first, fourth, fifth and fourteenth Amendments

(Doc. 1).

## III. THE PETITION SHOULD BE DENIED.

Upon review of the petition, the undersigned can discern no constitutional violation stemming from petitioner's convictions and sentence or that the state court's adjudication of petitioner's claims involved an unreasonable application of Supreme Court precedent or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

In any event, petitioner has procedurally defaulted and waived any cognizable claim presented in the petition. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson,* 459 U.S. at 6; *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's

highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the default of a federal claim in the state court may preclude federal habeas review if the state court judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner fails to comply with a state procedural rule that required him to have done something at trial to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit applies a four-part test to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state

5

procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).[3] In cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423-24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United*

---

[3] In *Harris,* the Supreme Court noted that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The *Harris* Court further noted: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

6

*States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

Finally, the state court's adequate and independent finding of procedural default will preclude habeas corpus review of the petitioner's federal claims unless the petitioner can show "cause" for the default and "actual prejudice" as a result of the alleged violations of federal law, or that failure to consider the federal claims will result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262; *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner procedurally defaulted his grounds for relief by failing to present any cognizable claim contained in the petition on direct appeal to the Ohio Court of Appeals.[4] As noted above, the Ohio Court of Appeals dismissed petitioner's direct appeal due to petitioner's failure to provide transcripts. (*See* Doc. 1-1 at PageID 39). Pursuant to Ohio App. R. 9, "it is the obligation of the appellant to ensure that the proceedings the appellant considers

---

[4] To the extent that petitioner failed to raise any of the claims as assignments of error on direct appeal, they are also procedurally defaulted and waived. Ohio law provides that an issue not raised on direct appeal is barred by the doctrine of *res judicata*. *See State v. Perry*, 226 N.E.2d 104, 105-06 (Ohio 1967) (syllabus); *State v. Combs*, 652 N.E.2d 205, 209 (Ohio App. 1 Dist. 1994) (holding that *res judicata* stops post-conviction relief for claims that could have been raised on direct appeal).

To the extent that petitioner subsequently raised cognizable federal claims in his memorandum in support of jurisdiction to the Ohio Supreme Court, the court would not have had jurisdiction to consider the claims because petitioner failed to raise them on direct appeal. *See* Ohio Const. art. IV, § 2(B)(2); *State v. Jones,* 211 N.E.2d 198 (Ohio 1965). *Cf. Mayes v. Hudson,* No. 1:07-cv-315, 2010 WL 55963, at *9 & n.1 (N.D. Ohio Jan. 4, 2010) (emphasizing that "[e]ven if [the] memorandum in support of jurisdiction in the Ohio Supreme Court could be read as having raised the claim . . . , [the petitioner's] failure to raise that claim in the appellate court resulted in its default," because it must be assumed from the Ohio Supreme Court's silence as to the reasons for denying the claim that it did not "ignore its own procedural rules and . . . enforced the procedural bar" prohibiting review of claims that are "not raised in the underlying appellate proceeding") (citing *Simpson,* 94 F.3d at 203).

necessary for inclusion in the record." Ohio's rule requiring that appellants file supporting transcripts is an adequate and independent state ground to bar federal habeas review of petitioner's claims. *See Onunwor v. Moore*, 655 F. App'x 369, 373–74 (6th Cir. 2016).

Consequently, because petitioner's failure to comply with a state procedural rule deprived the Ohio courts of considering the merits of his constitutional claims, federal habeas review of the claims is barred unless petitioner can demonstrate cause for the defaults and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. No such showing has been made in this case.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice. Petitioner's motion for summary judgment (Doc. 11) should also be **DENIED.**

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[5]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY**

---

[5] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ACHASHVEROSH ADNAH AMMIYHUWD,<br>    Petitioner,<br><br>vs.<br><br>GUS J. LAZARES, et al.,<br>    Respondents. | Case No. 1:17-cv-833<br><br>Dlott, J.<br>Bowman, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).